UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TYIOUN KEYES, INDIVIDUALLY, AND ) | C.A. No.: 21-10577 |
| AS PARENT AND NEXT FRIEND OF ) | |
| AUTUMN KEYES, TAYLOR KEYES, ) | |
| BRANDON, KEYES AND ) | |
| WINTER KEYES ) | |
|     Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| VIP, INC., and ) | |
| HARLEYSVILLE WORCESTER ) | |
| INSURANCE COMPANY ) | |
|     Defendants ) | |

**NOTICE OF REMOVAL BY
DEFENDANT, VIP, INC.**

Now comes the defendant, VIP, Inc. ("VIP"), and gives notice of removal

pursuant to 28 U.S.C. § 1446.  In further support of removal, the defendant, by and

through its attorneys, Michael J. St. Andre and Michael J. Montoya state as follows:

1. The plaintiff commenced that above-captioned matter on or about March 3, 2021

   by filing a complaint in the Middlesex County Superior Court Department of the

   Trial Court, Commonwealth of Massachusetts.  The action is now pending in that

   Court.

2. VIP was served with the summons and complaint by a Deputy Sheriff on March

   19, 2021. The plaintiff's counsel also sent a copy of the complaint to VIP's

   attorneys' office, which counsel received on March 15, 2021. The receipt of the

   complaint was VIP's first notice of the existence of a pleading containing a claim

   for relief asserted by the plaintiff which could be removed to this Court.  A copy

of the Complaint together with the Civil Action Cover Sheet, which constitute all of pleadings which VIP is aware of to date, are attached as ***Exhibit A.***

3. The claim or cause of action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and is one which may be removed to this Court by the defendant pursuant to the provisions of 28 U.S.C. § 1441 in that the plaintiff's Complaint is based on allegations of diversity of citizenship (i.e. the plaintiff is a Massachusetts resident, the defendant VIP is a Maine Corporation with a principal place of business in the State of Maine, and the defendant Harleysville Worcester Insurance Company is a foreign insurance company is incorporated in the State of Ohio with a principal place of business in Ohio) and the plaintiff claims damages of approximately $6,335,000.00 so that the amount in controversy exceeds the minimum required by law.

4. This Notice of Removal is filed within the time provided by 28 U.S.C. § 1446(b) and the Federal Rules of Civil Procedure.

5. Upon the filing of this Notice of Removal, VIP shall give written notice to John P. Carr, Esquire P.O. Box 161 Cohasset, MA 02025 carrlegal.carr@gmail.com, Charles D. Rotondi, Esquire 79 State Street, Newburyport, MA 01950, charlesdrotondi@hotmail.com, and Harleysville Worcester Insurance Company, Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, OH 43215, and the defendant shall file copies of the Notice and Notice of Filing of Removal with the Court Clerk, Superior Court Department of the Trial Court, Commonwealth of Massachusetts, Middlesex County, Woburn Massachusetts.

6. Pursuant to Local Rule 81.1(a) VIP will request from the clerk of the Middlesex Superior Court certified or attested copies of all records and proceedings in the State Court Action, and certified or attested copies of all docket entries therein, and will file the same with this Court within twenty-eight (28) days after the filing of this Notice of Removal.

7. A federal civil cover sheet and a federal category sheet are attached hereto as **Exhibits B and C**.

8. By filing this Notice, VIP does not waive any defenses which may be available to it, including, but not limited to, absence of venue in this Court or the Court from which this action has been removed.

WHEREFORE, the defendant, VIP, Inc., removes the above-caption action now pending against it in the Superior Court Department of the Trial Court, Commonwealth of Massachusetts, Middlesex County, Massachusetts to the United States District Court for the District of Massachusetts, where it shall proceed as an action originally commenced therein.

DATED:        April__7_, 2021

Respectfully submitted,
Defendant, VIP, Inc.
By its Attorneys,

**/s/ Michael J. St. Andre**

MICHAEL J. ST. ANDRE, ESQ.
BBO# 630278
Law Office John P. Calabrese
500 Enterprise Drive, Suite 2C
Rocky Hill, CT 06067
P:  (617) 866-9714
F:  (866) 265-9997
Email:  standm1@nationwide.com

*/s/ Michael J. Montoya*

_____

MICHAEL J. MONTOYA, ESQ.
BBO# 672949
Law Office John P. Calabrese
500 Enterprise Drive, Suite 2C
Rocky Hill, CT 06067
P:  (857) 274-1420
F:  (866) 265-9997
Email:  montom3@nationwide.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a copy of Defendant's Notice of Removal to be served, by electronic mail, upon counsel for the plaintiff and by regular mail to defendant Harleysville Worcester Insurance Company

John P. Carr, Esquire
P.O. Box 161
Cohasset, MA 02025
carrlegal.carr@gmail.com

Charles D. Rotondi, Esquire
79 State Street
Newburyport, MA 01950
charlesdrotondi@hotmail.com

Harleysville Worcester Insurance Company
Corporation Service Company
50 West Broad Street, Suite 1330
Columbus, OH 43215

I hereby further certify that on this date I caused a copy of the Defendant's Notice of Filing of Removal together with a copy of the Notice of Removal to be delivered for filing to the Clerk, Middlesex County Superior Court, Commonwealth of Massachusetts, 200 Trade Center, 2nd Floor, Woburn, MA 01801.

*/s/ Michael J. St. Andre*_____
Michael J. St. Andre, Esquire

# EXHIBIT A

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2181CV00472 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Tyioun Keyes Individually and As Parent and Nex Friend of Autumn Keys et al vs. V.I.P., Inc. | Michael A. Sullivan; Clerk of Court Middlesex County |
|---|---|

| TO: File Copy | COURT NAME & ADDRESS Middlesex County Superior Court - Woburn 200 Trade Center Woburn, MA 01801 |
|---|---|

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 06/01/2021 | |
| Response to the complaint filed (also see MRCP 12) | | 07/01/2021 | |
| All motions under MRCP 12, 19, and 20 | 07/01/2021 | 08/02/2021 | 08/30/2021 |
| All motions under MRCP 15 | 07/01/2021 | 08/02/2021 | 08/30/2021 |
| All discovery requests and depositions served and non-expert depositions completed | 12/28/2021 | | |
| All motions under MRCP 56 | 01/27/2022 | 02/28/2022 | |
| Final pre-trial conference held and/or firm trial date set | | | 06/27/2022 |
| Case shall be resolved and judgment shall issue by | | | 03/03/2023 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 03/03/2021 | ASSISTANT CLERK Debra J Newman | PHONE (781)939-2748 |
|---|---|---|

Date/Time Printed: 03-03-2021 11:51:19

SCV026R 08/2016

**JOHN P. CARR, ESQUIRE**
**P.O. BOX 161**
**COHASSET, MASSACHUSETTS 02025**
**(781)-626-2964 (Tel.)**
*Carrlegal.carr@gmail.com*

**March 3, 2021**

**Civil Clerk's Office**
**MIDDLESEX SUPERIOR COURT**
**200 Tradecenter**
**Woburn, MA 01801**

**Re: Tyioun Keyes–V- VIP, Inc., et al,**
**Middlesex Superior Court, Civil Action No.**

**Dear Sir/Madam,,**

Enclosed with reference to the above matter, please find the following
:

1. Civil Action Cover Sheet;
2. Original Complaint; and
3. Check in the amount of $525.00, which represents the filing fee, surcharge and cost for two(2) summonses.

Kindly file and docket these at your earliest convenience. Thank you for your kind assistance,

**Very Truly Yours,**

*John P. Carr, Esquire*

**JPC/tgg**
**Enclosures**
CC: (w/enc.):
Mr. Tyioun Keyes
Charles D. Rotondi, Esquire

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| | | COUNTY |
|---|---|---|
| PLAINTIFF(S): | Tyioun Keyes, Individually/Parent and Next Friend | Middlesex |
| ADDRESS: | 120 Dunstable Road, Westford, MA 01886 | |

DEFENDANT(S): VIP, Inc./ Harleysville Worcester Insurance Company

(VIP): 24 Harriman Drive, Auburn, ME 04210; 200 Boston Rd., North Billerica, MA 01862

| ATTORNEY: | John P. Carr/Charles D. Rotondi |
|---|---|
| ADDRESS: | (Carr): P.O. Box 161, Cohasset, MA 02025/ (781)-626-2964 |
| (Rotondi): 79 State Street, Newburyport, MA 01950/ (978)-462-9393 | |

(Harleysville): P.O. Box 182068, Columbus, Ohio 43218-2068

ADDRESS:

BBO:   (Carr):#075480/ (Rotondi):#431260

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Tort | F | ☒ YES   ☐ NO |

*If "Other" please describe:

| Is there a claim under G.L. c. 93A? | Is this a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☒ YES   ☐ NO | ☐ YES   ☐ NO |

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................... $15,000
2. Total doctor expenses ................................................................. $20,000
3. Total chiropractic expenses ......................................................... $
4. Total physical therapy expenses .................................................. $
5. Total other expenses (describe below) ......................................... $

Subtotal (A): $

B. Documented lost wages and compensation to date ....................................... $300,000
C. Documented property damages to date ..................................................... $
D. Reasonably anticipated future medical and hospital expenses .......................... $1,000,000
E. Reasonably anticipated lost wages ........................................................... $5,000,000
F. Other documented items of damages (describe below) .................................. $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
shortness of breath, paralysis, incontinence, autonomic dysreflexia, bloody mucus, neck and rib pain, protrusion at T7-8,

severe emotional distress

TOTAL (A-F): $6,335,000

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $

Signature of Attorney/ Unrepresented Plaintiff: X *John P. Carr*    Date: 3/3/2021

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

Not Applicable

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X *John P. Carr*    Date: 3/3/2021

# COMMONWEALTH OF MASSACHUSETTS

**Middlesex, SS**                    **Superior Court Department**
**Civil Action No.**

**TYIOUN KEYES, INDIVIDUALLY AND AS PARENT AND NEXT FRIEND OF AUTUMN KEYES, TAYLOR KEYES, BRANDON KEYES AND WINTER KEYES, Plaintiffs –V- VIP, INC. AND HARLEYSVILLE WORCESTER INSURANCE COMPANY, Defendants**

## COMPLAINT AND JURY CLAIM

### Parties

1. The Plaintiff, **Tyioun Keyes ("Keyes")** is a resident of 120 Dunstable Road, Westford, Middlesex County, Massachusetts 01886 .

2. **Keyes** is the natural father and best friend to four (4) minor children: **Autumn Keyes ( "Autumn" )**, who is nine (9) years old; **Taylor Keyes ("Taylor")**, who is seven (7) years old; **Brandon Keyes ("Brandon")**, who is six (6) years old; and **Winter Keyes ("Winter")**, who is four (4) years old. **Autumn, Taylor, Brandon and Winter (collectively the "Children")** physically reside with **Keyes** and his significant other at the aforementioned address and are completely dependent upon him for their physical, economic, emotional and spiritual needs and support.

3. The Defendant, **V.I.P., Inc. ("VIP")**, is a corporation organized under the law of the State of Maine with an ordinary and usual place of business at 24 Harriman Drive, Auburn, ME 04210. **VIP** owns and operates approximately 60 stores in Maine, New Hampshire, Vermont and Massachusetts providing tires and various automotive services and operating under the name and

style of **VIP Tires and Service.  VIP** operates and maintains its regional principal office at 200 Boston Road, North Billerica, MA 01862.

4. The Defendant, **Harleysville Worcester Insurance Company ("Insurer")** is an insurance company operating under the umbrella of Nationwide Insurance Company with an ordinary and usual place of business at P.O. Box 182068, Columbus, Ohio 43218-2068. Insurer is authorized to transact business in the Commonwealth of Massachusetts and provided liability insurance to **VIP** at all pertinent times.

## Facts

5. On or about July 14, 2018 **Keyes** went to the **VIP** store located at 714 Milford Road, Merrimack, NH, 03054. **Keyes** purchased four (4) new tires from **VIP** and had them installed and balanced on his motor vehicle **("Keyes Vehicle")**.

6. **Keyes** proceeded home on Route 101A in Nashua, NH in the exercise of due care and caution when the newly installed left rear tire on the **Keyes Vehicle** fell off causing the vehicle to veer back and forth, collide with another vehicle, bounce erratically up and down and crash to the ground causing a fracture in the rear axle.

7. **Keyes** was caused to be violently thrown around in the **Keyes Vehicle** sustaining multiple injuries.

8. The Defendant,  **VIP**  so negligently, carelessly, recklessly and without due care and caution improperly installed tires on the **Keyes Vehicle** and failed to install the lug nuts properly, causing the left rear tire to "fall off" the rear axle and severely injure **Keyes.**

-2-

9. After the accident **VIP** took control of the **Keyes Vehicle** and removed it from the accident scene to its regional ordinary and usual place of business in North Billerica, Middlesex County, the Commonwealth of Massachusetts for inspection, investigation and repair.

## Count I-Negligence-VIP

10. The Plaintiff repeats and restates the allegations contained in paragraphs 1-9 inclusive and incorporates them into this paragraph as if fully and completely set forth herein.

11. As a direct and proximate result of the negligence of **VIP**, the Plaintiff, **Keyes** was caused to sustain severe injury of the body and mind including shortness of breath, paralysis, incontinence, autonomic dysreflexia, bloody mucus, neck and rib discomfort, a protrusion at T7-8, severe emotional distress, has incurred and continues to incur medical expenses far in excess of $30,000 and was prevented from engaging in his ordinary and usual activities including his employment.

**Wherefore the Plaintiff, Tyioun Keyes demands judgment against the Defendant, VIP in an appropriate amount together with interest, costs and reasonable attorneys fees.**

## Count II-Breach of Warranty-VIP

12. The Plaintiff repeats and restates the allegations contained in paragraphs 1-11 inclusive and incorporates them by reference into this paragraph as if fully and completely set forth herein.

13. **VIP** expressly and impliedly warranted to **Keyes** that it installed the tires on the **Keyes Vehicle** in a good and workmanlike fashion,
that the tires and services were fit for the purpose of operating the vehicle and that the services rendered by them were performed properly and in a safe and careful fashion.

14. The Defendant, **VIP** breached said warranties.

15. As a direct and proximate result of the breach of warranties by **VIP**, **Keyes** was caused to sustain severe injury of the body and mind including shortness of breath, paralysis, incontinence, autonomic dysreflexia, bloody mucus, neck and rib discomfort, a protrusion at T7-8, severe emotional distress, has incurred and continues to incur medical expenses far in excess of $20,000 and was prevented from engaging in his ordinary and usual activities, including his employment.

**Wherefore the Plaintiff, Tyioun Keyes demands judgment against the Defendant, VIP, in an appropriate amount together with interest, costs and reasonable attorneys fees.**

## Count III-Violation of MGL c. 93A

16. The Plaintiff repeats and restates the allegations contained in paragraphs 1-15 inclusive and incorporates them by reference into this paragraph as if fully and completely set forth herein

17. On or about August 20, 2020 Keyes through his attorney sent a letter to **Insurer** in accordance with the provisions of MGL c. 93A, sections 2 and 9 predicated upon **Insurer's** failure in violation of MGL c. 176D, Sec. 3(9)(f) and MGL c. 93A, sec. 2,9 and the regulations of the attorney General "to effectuate prompt, fair and equitable settlement(s) of claim(s) in which liability has become reasonably clear.". A copy of said letter is attached hereto as Exhibit A.

20 . **Insurer** has failed and refused to tender such a reasonable offer of settlement.

-4-

Wherefore the Plaintiff, Tyioun Keyes, prays that this Honorable Court :

A) Award actual damages in an appropriate amount;
B) Double or treble the amount of said damages;
C) Award interest, costs and reasonable attorneys fees; and
D) Grant such other relief as the court deems equitable and just.

## Count IV-Loss of Consortium of Children

21. The Plaintiffs repeat and restate the allegations contained in paragraphs 1-20 inclusive and incorporates the by reference into this paragraph as if fully and completely set forth herein.

22. As a direct and proximate result of the negligence, breaches of warranty, violations of MGL c. 93A and the resultant injuries of **Keyes,** the **Children** have suffered a loss of consortium and have been deprived of **Keyes'** love, affection, society, companionship and physical, economic, emotional and financial support .

Wherefore the Plaintiff, Tyioun Keyes , as Parent and Next Friend of Autumn Keyes, Taylor Keyes, Brandon Keyes and Winter Keyes demands judgment against the Defendants in an appropriate amount  together with interest, costs and reasonable attorneys fees as appropriate..

THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

By his attorneys,

John P. Carr, Esquire/BBO #075480
P.O. Box 161
Cohasset, MA 02025
(781)-626-2964
carrlegal.carr@gmail.com


Charles D. Rotondi, Esq.
79 State Street
Newburyport, MA 01950
(978)-462-9393
charlesdrotondi@hotmail.com

-6-

# EXHIBIT A

*JOHN P. CARR, ESQUIRE*
*P.O. BOX 161*
*COHASSET, MASSACHUSETTS 02025*
*(781)-626-2964(Tel.)*
*Carrlegal.carr@gmail.com*

**CERTIFIED MAIL/RETURN RECEIPT REQUESTED AND BY REGULAR FIRST CLASS MAIL**

**August 20, 2020**

**Harleysville Worcester Insurance Company**
**P.O. Box 182068**
**Columbus, Ohio 43218-2068**
**Attn: Managing Agent**

**Re: Tyioun Keyes, 72 Depot Street, Westford, MA 01886-1359**
**Your Claim No. 671880-GH**

**Dear Madam/Sir,**

Please be advised that the undersigned represent 47 year old **Mr. Tyioun Keyes ("Keyes")** in connection with his injuries sustained in a motor vehicle accident on or about 7/14/18 on Route 101A in Nashua, NH. Our understanding is that you insure **V.I.P., Inc. ("V.I.P.")** and its parent company **Edward S. Quirk Co., Inc ("Quirk")** in their business operations of providing tires and automotive services at approximately sixty (60) locations throughout Massachusetts, Maine, Vermont and New Hampshire.

On the date in question **Keyes** brought his vehicle to your insured's place of business located at 714 Milford Road, Merrimac, NH for the purpose of purchasing new tires and for their balance and alignment. After the services were provided **Keyes** was in the process of returning home on Route 101A in Nashua, NH when a newly installed rear tire and wheel fell off the rear axle causing the vehicle to veer back and forth, collide with another vehicle, crash to the ground causing a fracture in the rear axle. **Keyes** was violently thrown around in the interior of the vehicle. It was subsequently determined that your insureds, **V.I.P.** and **Quirk** negligently, recklessly, carelessly and without due care and caution

failed to fasten the lug nuts on the wheel in question causing the accident to occur and **Keyes'** resultant injuries.

**Keyes** sustained multiple injuries including, but not limited to shortness of breath, incontinence, bloody mucus, neck and rib discomfort, thoracic spinal cord injury at T-7/T-8 and paralysis. As you can determine from the reports of Mitchell Hardenbrook, MD dated 5/15/20, John Lowry, DO dated 7/9/20 and Martha Welch Dyer dated 7/22/20,  all of which were furnished to your adjuster, "...the accident is a substantial and contributing factor to his injuries, and there is a causal relationship between the accident on July 14, 2018 and his {**Keyes'**} current injuries, and progressive paralysis." **Keyes,** his significant other and four (4) minor children are faced with the prospects of dealing with his paralysis and consequential limitations to his daily life, career, earnings and security for the duration of his natural life. These are impacted daily and the prospects of improvement are uncertain at this time. **Keyes** has incurred over $25,000 in medical bills to date, continues to incur more medical bills, loss of earning capacity, severe emotional distress, legal costs and lost income

Your offer of **$1,000** is insulting and contrary to your duty to make a good faith offer where liability has become reasonably clear. In view of your insureds' clear negligence it constitutes an unfair and deceptive act or practice and a knowing and willful violation of MGL c. 2,9,11 and the regulations of the Attorney General of the Commonwealth of Massachusetts promulgated thereunder. We also point out to you the provisions of MGL c.176D, Sec. 3(9)(f), which includes  as an "unfair claim settlement practice[s]" a " fail[ure] to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear."  Kindly accept this letter as a formal demand under said provisions.

Accordingly on behalf of **Keyes** we make a demand of **$15,000,000.**  In the event that a reasonable tender of settlement is not received in or within 30 days of receipt of this letter you may be subject to double or treble damages, attorneys fees, interest and costs.

We additionally note that we reserve our rights to pursue legal action in Massachusetts, New Hampshire, Maine and any other jurisdiction, including but not limited to notification to appropriate legal authorities, the recovery of actual damages, the recovery of punitive damages and a potential class action suit on

behalf of others who have been similarly treated by you. We hope and expect to hear from you as soon as possible and would encourage you to appropriately compensate **Keyes** in an effort to avoid contentious litigation.

*Very Truly Yours,*

**Charles D. Rotondi, Esquire**

**John P. Carr, Esquire**

JPC/tgg
CC: **Mr. Tyioun Keyes**

20-014649 mjm

**JOHN P. CARR, ESQUIRE**
**P.O. BOX 161**
**COHASSET, MASSACHUSETTS 02025**
**(781)-626-2964 (Tel.)**
*Carrlegal.carr@gmail.com*

RECEIVED

MAR 2 9 2021

*March 26, 2021*

**Civil Clerk's Office**
**MIDDLESEX SUPERIOR COURT**
**200 Tradecenter**
**Woburn, MA 01801**

> **Re: Tyioun Keyes–V- VIP, Inc., et al,**
> **Middlesex Superior Court, Civil Action No.**
> _____

**Dear Sir/Madam,**
   Enclosed with reference to the above matter, please find the Return of Service upon the Defendant, V.I.P., Inc. Kindly file and docket this at your earliest convenience. Thank you for your kind assistance,

> **Very Truly Yours,**
>
> *John P. Carr, Esquire*

**JPC/tgg**
**Enclosures**
CC: (w/enc.):
   Mr. Tyioun Keyes
   Charles D. Rotondi, Esquire
   Michael J. Montoya, Esquire
   Scott T. Ober, Esquire

# Commonwealth of Massachusetts

MIDDLESEX,SS.

_Tyroun Keyes, Individually and as Parent and Next Friend_ , PLAINTIFF(S),

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. _2181 CV 00472_

v.

_V. I. P., Inc._ , DEFENDANT(S)



### SUMMONS

THIS SUMMONS IS DIRECTED TO _V I P, Inc._ . (Defendant's name)

**You are being sued.**  The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Middlesex Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:  _Superior_

    a.  Filing your **signed original** response with the Clerk's Office for Civil Business, _Middlesex_ Court, _200 Trade Center Woburn, MA 01801_ (address), by mail or in person, **AND**

    b.  Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: _John P. Carr, P.O. Box 161, Cohasset, MA 02025 / Charles D. Rotondi, 79 State Street, Newburyport, MA 01950_

3.  **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4.   **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.   **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on  3/8  , 20 21 .

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on_____, 20____ , I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

 **Worcester County Sheriff's Office P.O. Box 1066 Worcester, MA 01613 (508) 752-1100**

3/22/2021

I hereby certify and return that on 3/19/2021 at 1:49 PM I served a true and attested copy of the SUMMONS, COMPLAINT AND DEMAND FOR JURY TRIAL, CIVIL ACTION COVER SHEET, EXHIBITS, CIVIL TRACKING ORDER (STANDING ORDER 1-88) in this action in the following manner: To wit, by delivering in hand to KIM BOROWY, , agent, person in charge at the time of service for V.I.P., INC. at 100 FRONT STREET WORCESTER, MA 01608 . Attest ($5.00) Mileage ($3.84) Service Fee ($30.00) Mailing ($3) ($3.00) Office Expense ($20.00) Conveyance ($2.00) Total: $63.84

Steven Trottier
Deputy Sheriff

# EXHIBIT B

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS

Tyioun Keyes, individually and as parent and next friend of Autumn Keyes, Taylor Keyes, Brandon Keyes, and Winter Keyes

### DEFENDANTS

VIP, Inc. and Harleysville Worcester Insurance Company

**(b)** County of Residence of First Listed Plaintiff    Middlesex County, MA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Androscoggin County, ME
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

John P. Carr, Esq, PO Box 161, Cohasset, MA 02025 (781) 626-2964
Charles D. Rotondi, Esq, 79 State Street, Newburyport, MA 01950 (978) 462-9393

Attorneys *(If Known)*

Michael J. St. Andre, Esq, Law Office of John P. Calabrese, 500 Enterprise Drive, Suit 2C, Rocky Hill, CT 06067 (617) 866-9714
Michael J. Montoya, Esq. same firm and address, (857) 274-1420

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☒ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File |

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec. 1441
Brief description of cause:
Personal injury caused by alleged negligence

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes    ☐ No

### VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE    N/A      DOCKET NUMBER    N/A

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| April 7, 2021 | /s/ Michael J. St. Andre |

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. **Title of case (name of first party on each side only)** _____

   Tyioun Keyes et. al. v. VIP, Inc. et. al.

2. **Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local rule 40.1(a)(1)).**

   ☐    I.    **160, 400, 410, 441, 535, 830\*, 835\*, 850, 880, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.**

   ☐    II.   **110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820\*, 840\*, 895, 896, 899.**

   ☑    III.  **120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 485, 490, 510, 530, 540, 550, 555, 560, 625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.**
          **\*Also complete AO 120 or AO 121. for patent, trademark or copyright cases.**

3. **Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.**

   N/A

4. **Has a prior action between the same parties and based on the same claim ever been filed in this court?**

   YES ☐    NO ☑

5. **Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)**

   YES ☐    NO ☑

   **If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?**

   YES ☐    NO ☑

6. **Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?**

   YES ☐    NO ☑

7. **Do all of the parties  in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? -  (See Local Rule 40.1(d)).**

   YES ☐    NO ☑

   A.   **If yes, in which division do all of the non-governmental parties reside?**

   Eastern Division ☐        Central Division ☐        Western Division ☐

   B.   **If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?**

   Eastern Division ☑        Central Division ☐        Western Division ☐

8. **If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)**

   YES ☐    NO ☑

**(PLEASE TYPE OR PRINT)**
**ATTORNEY'S NAME**  Michael J. St. Andre _____
**ADDRESS**  500 Enterprise Drive, Suite 2C, Rocky Hill, CT 06067 _____
**TELEPHONE NO.**  617-866-9714 _____

**(CategoryForm11-2020.wpd )**